# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL RELOCATION SOLUTIONS, LLC d/b/a AIReS, AND INTERNATIONAL FORWARDING, INC. | ) ) ) ) ) | |
|       Plaintiffs/ Counterclaim Defendants, | ) ) | Civil Action No. 15-1390 Judge Nora Barry Fischer |
| v. | ) ) ) | |
| JAMES MARKLE, | ) ) ) | |
|       Defendant/ Counterclaimant | ) ) ) | |

## **MEMORANDUM ORDER**

AND NOW, this 2nd day of May, 2016, upon consideration of Plaintiffs/ Counterclaim Defendants' Motion to Dismiss Defendant's Counterclaim Pursuant to 12(b)(6), (Docket No. 19), the parties' briefing related thereto, (Docket Nos. 20, 24, 33, 37), a motion hearing held on March 30, 2016, (Docket No. 38), wherein the Court offered the parties an opportunity to file supplemental briefs, (*Id.*), and Defendant/Counterclaimaint's supplemental brief filed in accordance with the Court's Order directing Defendant to file his supplemental brief by April 8, 2016, (Docket No. 44),

IT IS HEREBY ORDERED that Plaintiffs'/Counterclaim Defendants' Motion to Dismiss [19], is GRANTED. Defendant's counterclaim for attorneys' fees is dismissed, without prejudice, for failure to state a cognizable claim, and may be re-raised, should Defendant prevail,

1

in a properly supported motion pursuant to Rule 54.[1] FED. R. CIV. P. 54(d)(2) ("A claim for attorney's fees and related nontaxable expenses *must be made by motion* unless the substantive law requires those fees to be proved at trial as an element of damages.") (emphasis added); *see also Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC, et al.*, 40 F.Supp.3d 437, 455-56 (E.D. Pa. 2014) (dismissing defendants' counterclaim for attorneys' fees under Section 5305 for failure to state a cognizable claim because Section 5305 does not provide an independent cause of action); *Peek v. Whittaker*, 2014 WL 2154965, at *8 (W.D. Pa. May 22, 2014) (concluding that Section 5305 of PUTSA does not state an independent cause of action, but rather authorizes a prevailing party to seek attorneys' fees by appropriate motion).

To the extent Defendant contends that Texas law applies, an issue the Court does not decide at this time, and allows him to seek attorneys' fees by way of a counterclaim, the Court finds that Defendant's argument is unavailing because the Texas laws at issue here do not require the "fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A); *Sentinel Integrity Solutions, Inc. v. Mistras Group, Inc.*, 414 S.W.3d 911, 924 (Tex. App. Houston 1st Dist. 2013) (holding that an award for attorneys' fees based on Tex. Bus. & Com. Code § 15.51 requires a finding that "(1) [the promisee] knew at the time the employment agreement was executed that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect [the promisee's] goodwill or other business interest, and (2) [the promisee] sought to enforce the covenant to a greater extent than was necessary to protect its goodwill or other business interest."); *see also* Tex. Civ. Prac. & Rem. Code § 134A.005(1) ("The court may award reasonable attorney's fees to the prevailing party if: (1) a claim of misappropriation is

---

[1] Given that the Court's decision is not predicated on a finding of insufficient factual allegations, but instead that Defendant's counterclaim for attorneys' fees is legally deficient as held in *Peek* and *Ozburn-Hessey Logistics*, Defendant's request to amend his counterclaim is denied.

2

made in bad faith; (2) a motion to terminate an injunction is made or resisted in bad faith; or (3) willful and malicious misappropriation exists.").

                                                    *s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.